## COMMON PLEAS OF LACKAWANNA COUNTY.

### LOOMIS VS. GRIFFEN, ET AL.

Where a county is divided under the Act of 17th April, 1878, exemplifications of mortgages, judgments, mechanics' liens, verdicts and records from the old county are entered in the new under that act and not under the act of 1840; and an exemplification may still be entered in the new county although the mortgage, judgment, mechanic's lien, verdict or record, be itself an exemplification from still another county.

Rule to strike off judgment.

Messrs. Gunster and Welles for Rule.

George K. Powell, Esq., Contra.

Opinion by HAND, J.

This case involves a construction of the New County Act of 1878 The judgment in this case is entered upon an exemplification of a judgment in Luzerne County, which was an exemplification of a judgment in Wyoming County. The exemplification is not entered under the act of 1840, but under the act of 17th April, 1878, section

14, P. L. 17. That act provides "that the lien of all mortgages, judgments, mechanics' liens, verdicts and all records which shall have been made and entered in the original county up to and including the day of the organization of said Courts shall not be affected by the establishment of the new county, but to proceed thereon certified copies thereof shall be made by the Prothonotary or other proper officer, which shall be entered by the like officer of the new county and like proceedings had as in the original." There is no exception in this section of any class of judgments. The evident intention of the section is that the liens shall not be affected and to give a mode of process to enforce them. If a transcript is taken from the first county the lien would only date from the time of entry and no means is given to enforce the lien and the costs of the judgment in the second county— though a transcript from the first. The case differs from Mellen vs. Guthrie, 1 P. F. Smith, 116, in these very particulars. In that case Judge Strong says no provision was made for the transfer of judgments from the old county to the new or for the preservation of liens in the new county. In this case both are provided for, and in such a way as to enforce the undisturbed lien and accompanying costs. Under this construction the Court can distribute the funds arising from a sale, with the proper evidence before them, marshalling the liens in their order. It is not necessary for us to consider whether the entry on the docket in Luzerne amounted to a judgment or not, as argued in Brandt's Appeal, 4 H. 343, although we do not see the force of the reasoning in this case, founded on a remark in Mellon vs. Guthrie, which deprives that of being a judgment which in the form of a judgment and entry upon the proper docket has all the incidents of a judgment which produce a lien, the ground work for an execution and other vital characteristics; the entry has at least made it "a record which shall have been entered," and the lien of such record must not be affected, and to proceed thereon a certified copy may be made, entered in the new county and like proceedings may be had as in the original.

We therefore sustain the entry in this court and discharge this rule.